```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JACK WILTZ                                   CIVIL ACTION

VERSUS                                       NO: 10-3614

ADVANCE AMERICA, CASH                        SECTION: J(3)
ADVANCE CENTERS OF
LOUISIANA, LLC, ET AL
```

### ORDER AND REASONS

Before the Court is Defendant Tammany Mall, LLC's ("Tammany Mall") **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 32)**, Plaintiff Jack Wiltz's Opposition ("Wiltz") **Memorandum in Opposition (Rec. Doc. 41)**, and Defendant Tammany Mall, LLC's **Reply to Plaintiff's Opposition (Rec. Doc. 43)**.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This premises liability case arises out of an accident at an Advance America store in Slidell, Louisiana on January 14, 2010. While attempting to open a glass door in the store's entry way, Plaintiff Jack Wiltz lost his balance and fell after the door stuck, causing injuries to his head and upper extremities.

On October 14, 2010 Plaintiff filed suit in federal court against Advance America, Cash Advance Centers of Louisiana, LLC ("Advance America"), alleging that the door had malfunctioned, and that Advance America's negligence in failing to maintain the door and failing to warn its patrons had caused his injuries.

Plaintiff invoked diversity jurisdiction pursuant to 28 U.S.C. 28 § 1332, asserting that he is a resident of St. Tammany Parish, Louisiana, Advance America is a foreign corporation, and that the amount in controversy exceeded $75,000.00.

On August 18, 2011, Plaintiff amended his Complaint, naming Tammany Mall, LLC ("Tammany") as an additional defendant. Plaintiff alleged that Tammany was the owner of the premises where his accident occurred.  Tammany Mall is a Louisiana limited liability company comprised of two members, Jared Riecke and E.T. Tiecke, both residents of St. Tammany Parish, Louisiana.  Based on the addition of this non-diverse party, Tammany Mall filed the instant motion to dismiss for lack of subject matter jurisdiction.

## PARTIES' ARGUMENTS

Tammany Mall simply contends that the addition of a non-diverse party destroys subject matter jurisdiction under §1332. In opposition, Plaintiff relies on the Supreme Court's decision in Freeport-McMoRan, Inc. v. KN Energy, Inc., 498 U.S. 426, 428 (1991), and contends that the subsequent addition of a non-diverse, dispensable party does not divest the Court of subject matter jurisdiction.

## DISCUSSION

A motion to dismiss for lack of subject-matter jurisdiction

must be granted if the court lacks statutory authority to hear and decide the dispute. Fed. R. Civ. P. 12(b)(1). The burden of establishing subject-matter jurisdiction falls squarely upon the plaintiff. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). In ruling on a motion to dismiss under Rule 12(b)(1), a court may look to: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts; or, (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Robinson v. TCI/US West Commc'ns, 117 F.3d 900, 904 (5th Cir. 1997).

Federal district courts are granted original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. In order for jurisdiction to exist under §1332, there must be complete diversity between the parties, meaning that no individual plaintiff and no individual defendant share the same state citizenship. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806). For the purposes of determining diversity jurisdiction, a natural person is a citizen of the state where he is domiciled. Preston v. Tenet Healthsystem Memorial Medical Center, Inc., 485 F.3d 793, 797 (5th Cir. 2007). A corporation is a citizen of the state in which it was incorporated and the state of its principal place of business. 28 U.S.C. § 1332(c). Unincorporated associations such as a limited

liability company assume the citizenship of each of its members. See Aetna Casualty and Sur. Co. v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986).

Federal courts examine jurisdictional facts as they exist at the time the case was filed. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570 (2004). Once jurisdiction is properly established, subsequent events will generally not divest the court of jurisdiction. Freeport-McMoRan, 498 U.S. at 428. The Supreme Court has explained, however, that "when a plaintiff files a complaint in federal court and then voluntarily amends the complaint, courts look to the amended complaint to determine jurisdiction." Rockwell Intern. Corp. v. U.S., 549 U.S. 457, 474 (U.S. 2007).

Plaintiff does not dispute that Tammany Mall is a citizen of Louisiana for jurisdictional purposes. Instead, Plaintiff submits that Freeport McMoRan stands for the proposition that the addition of non-diverse defendants that were not indispensable at the time the lawsuit was filed does not destroy diversity jurisdiction. Because Plaintiff asserts that Tammany Mall is not indispensable, he asserts that subject matter jurisdiction is proper under § 1332. Freeport McMoRan, however, involved the substitution of a non-diverse plaintiff pursuant to Rule 25(c) of the Federal Rules of Civil Procedure, resulting from a transfer of interest while the litigation was pending. 498 U.S. at 428.

4

Here, the lack of diversity resulted from a voluntary amendment to the Plaintiff's Complaint pursuant to Rule 15.  Other courts have rightly rejected Plaintiff's proposed interpretation of Freeport-McMoran.[1]  See, e.g., Cobb v. Delta Exports, Inc., 186 F.3d 675, 680 (5th Cir. 1999)(explaining that Freeport-McMoRan is limited to the context of an additional party added pursuant to Fed. R. Civ. P. 25); American Fiber & Finishing, Inc. v. Tyco Healthcare Group, LP., 362 F.3d 136, 141-42 (1st Cir. 2004)(explaining that when the plaintiff amended its complaint to add a non-diverse defendant, "complete diversity was destroyed just as surely as if it had sued [the non-diverse defendant] in the first instance"); Martinez v. Duke Energy Corp., 130 Fed. App'x. 629, 635 (4th Cir. 2005)(rejecting plaintiff's argument that amended complaint which added non-diverse defendants did not destroy diversity jurisdiction under Freeport-McMoRan); Estate of

---

[1] Plaintiff argued at oral argument that the plain language of Freeport-McMoran does not limit its holding to substitutions under Rule 25.  The Fifth Circuit acknowledged as much in Cobb v. Delta Exports, Inc., but subsequently rejected Plaintiff's exact argument.  It explained: "Granted, the Freeport-McMoRan Court's broad statement that 'diversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action,' 498 U.S. at 429, 111 S.Ct. 858, read in a vacuum, would suggest that the joinder of [the non-diverse parties] did not destroy diversity.  There are good reasons, however, to read this broad statement as dictum and to understand Freeport-McMoRan as limited to the context of an addition under Fed. R. Civ. P. 25."  186. F.3d at 680.

Alvarez v. Donaldson Co., 213 F.3d 993, 995 (7th Cir. 2000) (holding that plaintiff's amended complaint which added non-diverse defendants destroyed diversity jurisdiction and noting that Freeport-McMoRan is limited to the substitution of parties pursuant to Rule 25); Ingram v. CSX Transp., Inc., 146 F.3d 858, 861 (11th Cir. 1998) ("Freeport-McMoRan does not stand for the proposition that all additions of nondiverse parties are permissible as long as complete diversity existed at the time of commencement of the lawsuit.").

Were the Court to accept Plaintiff's interpretation of the breadth of Freeport-McMoRan's holding, a plaintiff could easily circumvent the requirement of complete diversity by simply suing only the diverse defendants and then adding by amended complaint any and all non-diverse joint tortfeasors.  This would obliterate the longstanding requirement under Strawbridge that there must be complete diversity of citizenship among the parties in order for diversity jurisdiction to exist.

It is clear, then, that subject matter jurisdiction does not exist in this case, and Plaintiff's claims should be dismissed. Because the dismissal is based on jurisdictional grounds, however, Plaintiff's claims should be dismissed without prejudice.  See Rogers v. Ingolia, 424 Fed. App'x. 283, 288-89 (5th Cir. 2011).

**CONCLUSION**

Accordingly, **IT IS ORDERED** that Defendants' **Motion to Dismiss for Lack of Subject Matter Jurisdiction is (Rec. Doc. 32)** is **GRANTED**.  Plaintiff Jack Wiltz's claims are hereby **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this 26th day of October, 2011.

CARL J. BARBIER
UNITED STATES DISTRICT COURT